UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTA AVA JAGNANAN,

Plaintiff,

-against-

MOEY, INC.; MOLLY LENORE, PRESIDENT; JOSEPH KIRSHNER STEIN, CTO,

Defendants.

23-CV-7299 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"); the Family and Medical Leave Act of 1993 ("FMLA"); and the New York State and City Human Rights Laws, alleging that her employer discriminated against her based on her race, color, religion, sex, national origin, and disability. By order dated September 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action, alleging that her employer, Moey, Inc., discriminated against her on the basis of her race, color, religion, sex, national origin, and disability. Plaintiff, who appears to identify as transgender, (*see* ECF 1, at 11), identifies her race and national origin as "Guyanese-American, West Indian Caribbean," and describes her disability as "Severe Stress, Anxiety, Panic Attacks, PTSD like from my employer and dangerous living situation," (*id.* at 4). Plaintiff does not identify her religion. Named as Defendants are Moey, Inc.; Moey President Molly Lenore; and Moey "CTO" (presumably Chief Technological Officer) Joseph Kirshner Stein.

Plaintiff does not provide a statement of facts on the complaint form, but instead refers the Court to an attached email, which is structured as an email from Plaintiff to Lenore, in which Plaintiff provides point-by-point commentary and responses to a previous email sent by Lenore to Plaintiff.[1] The original email from Lenore raises concerns about Plaintiff's behavior in the workplace, including "communications regarding suicidal ideations," and asks Plaintiff to submit

---

[1] It is unclear from the complaint whether Plaintiff's email was ever sent to Lenore.

to her doctor an attached letter in which Lenore requests "medication information to ensure [Plaintiff] can safely perform the essential functions of [her] position." (*Id.* at 12, 13.)[2] Lenore's letter also requests that Plaintiff take a "fully paid leave of absence" through August 28, 2023, while Lenore awaits Plaintiff's doctor's response. (*Id.* at 13.)

The following statements and information can be gleaned from Plaintiff's response and commentary to Lenore's email.[3] In response to Lenore's stating that, based on Plaintiff's behavior, she wants to ensure the safety of Plaintiff and her co-workers, Plaintiff states,

> Let me first start off by saying in my expressed opinion just how unfortunate this wording is to the trans community. Remember that words matter, take a gander – I said my expressed opinion. Sometimes, words are harsher than sticks and stones. For someone like me, let me tell you. I am the strongest woman I know, but mentally. I have survived suicide twice now, and severe abuse in the conditions I was in. My boyfriend and I were lied about and our narratives are written and against what we truly are. . . . I know you may not understand what it's like to be a person of color, a person with a mental health disability and living in extremely dangerous living conditions that has exacerbated my symptoms, so I completely understand. But I have tried to have a conversation with you and time and time again I am met with rewording of a legal doctor's notes, missed, emails, and lies – plain and simply. Suicidal ideation is a complex thing.

(*Id.* at 11.)

Plaintiff further states,

> I am not a circus animal, it makes me feel like I am a 50 trick bear – think washing dishes, being yelled at, no keys to my bedroom and not knowing if I can afford my next meal – which is why I am so upset when you refused to pay me for 2 days after telling you about how I was going to in my expressed opinion commit suicide based on your needless words of hurt and sorrow felt like daggers to my heart.

---

[2] The Court quotes Plaintiff's submission verbatim. All grammar, spelling, and punctuation are as in the original unless otherwise indicated.

[3] The material written by Plaintiff is in red font, while the material from the Lenore's original email is in black font.

(*Id.* at 11.) Plaintiff states that "Federal laws need to be followed in order to survive, especially the employee handbook. . . ." (*Id.* at 12.) Plaintiff states that she has "a medical disability covered by the ADA guidelines that [Lenore] never read time and time again." (*Id.*)

In response to Lenore's request that Plaintiff provide a letter to her doctor requesting medical information to ensure Plaintiff can safely perform her job, Plaintiff writes,

> I kindly and humbly decline, because I said time and time again, I am willing and able to work. Please refer to my past few emails and doctor's notes to back it up. . . . My medical doctor and I have privacy rights, and I know my health better than anyone, with my doctors advice and guidance. I can safely perform my essential functions, because I work from home. I have already given you the opportunity to ask me to come in to the office with 3 days prior notices. I am unsure of this statement, and baffled. But I am always open to explaining more, when I get a new phone number. I'd also like to say thank you for the paid time off because I was actually able to accomplish a lot of things I never had the time to do before. So for that I am forever gracious for, and this is why I don't mind have a chat when my phone does on!

(*Id.* at 13.) Plaintiff further asks Lenore to "please respect my right to my personal health information" and states, "I am not authorizing this for now. It took a lot of courage to authorize that one with the Citibike, and I don't want to share anymore on that." (*Id.*)

In response to Lenore's request that Plaintiff ask her doctor to respond to the letter within 10 days, Plaintiff writes,

> Have you not learned that you can not request an employees personal health information, pressure me with deadlines when I am off on unwanted leave because I need MONEY TO EAT AND SURVIVE, and have told you time and time again, my doctor has better work culture than me so she has time off and sick days?! You are REALLY RE-excacerbating my symptoms and then want to blame the cause on me, when it is YOU. Stop trying to get me fired because I filed an EEOC case on you, and using my mental disability to toy with me until you cause me to be killed so you can walk away scotch free, steal all my work and say the poor broke down brown girl offed herself. NOT HAPPENING. I HAVE A BEAUTIFUL LIFE AND FUTURE TO LOOK FORWARD TO. THIS. IS. ABUSIVE. MANIPULATION. AND CAN LEAD TO DEATH.

> Please call my doctor's office, as I have rescinded all of my personal health information. My p[]revious letters say the exact same thing – I am willing and able to work. I need proper accommodations as well as for you to be nicer with

your words and to be more polite and have conversations on mental health in the
workplace. Like I always do!

(*Id.*)

Plaintiff accuses Lenore of purposely "refus[ing]" to pay her, intentionally causing

Plaintiff's "suicidal ideations," and "starving" Plaintiff. (*Id.*)

Plaintiff also references another employee who received a promotion after Plaintiff

"LITERALLY PROOFREAD ALL HER WORK." (*Id.* at 14) (capitalization in original). The

other employee was given a "new IPAD PRO" while Plaintiff is "LITERALLY BEGGING FOR

WATER AND BREAD, AND HAVING TO BALANCE NEGATIVE BALANCES TO ESCAPE

A LITERAL KIDNAPPING SITUATION." (*Id.*) (capitalization in original).

Plaintiff requests "emergency pay" and "3 years of BACKPAY" to compensate her for

the difference in salary with the employee who was promoted.

Plaintiff also attaches to the complaint the letter from Lenore addressed to Plaintiff's

doctor.[4] The letter states that Plaintiff is employed by Moey as a Project Coordinator, who is

responsible for "basic bookkeeping for the Company including writing invoices, following up

with clients for payment, updating the accounts payable tracker, and entering Company

transactions in our accounting software." (*Id.* at 16.) The following information is taken from the

letter. Between March 6 and March 17, 2023, Plaintiff took a leave of absence for a medical

condition. Throughout May, June and July 2023, Plaintiff's employer granted her "various

requests for accommodation," including allowing her to work remotely and take time off for

treatment appointments. (*Id.*)

---

[4] It is unclear from the complaint whether Plaintiff's doctor ever received or responded to
Lenore's letter.

The letter mentions several instances where Plaintiff's behavior created concern for the company and her co-workers. For example, on August 4, 2023, Plaintiff's medical provider informed Moey that Plaintiff planned to take her own life.[5] On the same day, Lenore received a communication from Plaintiff accusing her of "attempted murder" and "discussing her attempts to take her own life." (*Id.*) On August 7, 2023, Plaintiff sent an email to all Moey employees "noting her suicidal ideations." (*Id.*) The letter expresses concern for Plaintiff's safety and well-being given the "high pressure and high level of responsibility" associated with her position, notes that Moey would consider providing Plaintiff "reasonable accommodations," and seeks additional information from Plaintiff's doctor for Moey to consider in its process. (*Id.* at 17.)

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 29, 2023, and on August 3, 2023, in response to Plaintiff's request, the EEOC issued a Notice of Right to Sue.

## DISCUSSION

### A.    Rule 8

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*,

---

[5] This medical provider is presumably a different doctor than the proposed recipient of Lenore's letter.

550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause

of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual
> allegations, but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation. A pleading that offers labels and conclusions or a
> formulaic recitation of the elements of a cause of action will not do. Nor does a
> complaint suffice if it tenders naked assertions devoid of further factual
> enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the Court must determine whether those facts

make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

While a complaint's statement of claim must contain sufficient factual detail, it should

not be "prolix" (lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40,

42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short

because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the

party who must respond to it because they are forced to select the relevant material from a mass

of verbiage'" (citation omitted)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding

that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of

unrelated and vituperative charges that defied comprehension"); *see also Annuity, Welfare &*

*Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc.*

*15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL

3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints

that are unnecessarily long-winded, unclear, or conclusory.")

Here, Plaintiff's submission does not comply with Rule 8 because it contains extraneous

and confusing information and does not contain a short and plain statement showing that Plaintiff

is entitled to relief. Instead of stating the facts on which her claims are based, Plaintiff refers to the Court an attached email that Plaintiff wrote to Defendant Lenore, which is itself styled as a commentary or rebuttal of an email that Lenore sent to Plaintiff. Although the document references Plaintiff's possible mental disability and addresses Lenore's attempts to determine if Plaintiff can safely perform her work functions by asking Plaintiff to request information from her doctor, the Court is unable to decipher with any clarity the specific underlying events giving rise to Plaintiff's claims. Moreover, as discussed below, Plaintiff asserts claims on the complaint form – such as claims for discrimination based on race, color, sex, religion, and nationality – that are not addressed in the email that she attaches to the complaint.

In light of her *pro se* status, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail her claims.

**B.    Title VII and 42 U.S.C. § 1981**

Plaintiff alleges that her employer discriminated against her based on her race, color, religion, sex, and nationality in violation of Title VII and 42 U.S.C. § 1981. Title VII provides that:

> [i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). This statute prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful

conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII action for employment discrimination, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Section 1981 prohibits racial discrimination in, among other things, all contractual relationships. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

Here, Plaintiff suggests that she is a transgender woman (*see* ECF 1, at 11), and identifies her race, color, and national origin as Guyanese-American and West Indian Caribbean (*see id.* at 3-4). She does not identify her religion. Plaintiff does not allege any facts giving rise to a plausible inference that her sex, race, color, religion, or national origin motivated or was the but-

for cause of any adverse employment action. In fact, it does not appear that the attached email, which Plaintiff asks the Court to treat as her complaint, contains any mention or her religion or national origin at all.

Furthermore, the complaint does not clarify what adverse employment action Plaintiff is alleging that Defendants took against her. On the complaint form, Plaintiff checks off boxes to indicate that her employer did not promote her, did not accommodate her disability, provided her with terms and conditions of employment different from those of similar employees, retaliated against her, and harassed her or created a hostile work environment, (*see* ECF 1, at 5), but she does not allege specific facts in support of these assertions. Plaintiff also appears to suggest that she was involuntarily placed on medical leave "with no pay for 2 weeks," (*id.* at 6), but the attachments to her complaint also state that she was given a "fully paid leave of absence," (*id.* at 13). Plaintiff also asserts that she was denied "equal pay for equal work" and subjected to a hostile work environment, but she does not provide specific facts supporting these assertions. To the extent her attached email suggests another employee was promoted while Plaintiff was not, or that Defendants did not adequately address her mental health issues, as discussed above, Plaintiff does not allege any facts suggesting that a protected characteristic played any role in these decisions.

The Court grants Plaintiff leave to file an amended complaint alleging additional facts in support of her Title VII and Section 1981 claims.

**C.      Americans with Disabilities Act**

To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) she was otherwise qualified to perform the essential functions of the job with or without

reasonable accommodation; (4) she suffered an adverse employment action; and
(5) the adverse action was imposed because of her disability.

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). A person is disabled under the

ADA if the person has "a physical or mental impairment that substantially limits one or more

major life activities." 42 U.S.C. § 12102(1)(A). The causation standard for employment

discrimination claims brought under Title I of the ADA is a "but-for" standard; a plaintiff must

allege but for his disability, the defendant would not have discriminated against him. *See*

*Natofsky v. City of New York*, 921 F.3d 337, 347-50 (2d Cir. 2019).

Here, Plaintiff describes her disability as "Severe Stress, anxiety, Panic Attacks, [and]

PTSD." (ECF 1, at 4.) "[S]tress and depression are conditions that may or may not be considered

impairments, depending on whether these conditions result from a documented physiological or

mental disorder." *LaFace v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 146 (E.D.N.Y. Nov. 15, 2018)

(internal quotation marks and citations omitted). Based on Plaintiff's allegation that she has a

"mental health disability" (ECF 1, at 11), the Court is inclined to assume, for purposes of this

order, that Plaintiff has a disability as defined by the ADA.[6]

Even if the Court assumes that Plaintiff has a disability under the ADA, for the reasons

discussed above with respect to Plaintiff's Title VII and Section 1981 claims, it is unclear what

adverse employment action Plaintiff is alleging she suffered as a result of her disability. The

Court grants Plaintiff leave to amend her complaint to allege additional facts in support of her

ADA claims.

---

[6] Although not necessary at this stage, to the extent Plaintiff has any additional facts
showing that her stress, anxiety, and PTSD are the result of a physiological or mental disorder
and that substantially limits one of more of her life activities, she may wish to allege those facts
in her amended complaint.

D.    **Family and Medical Leave Act**

The FMLA provides that certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612(a)(1)(D).

An employee who takes approved FMLA leave generally has the right to return to the same position that the employee held before taking leave, or to an "equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." *Id.* § 2614(a)(1)(B); *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017). The FMLA "creates a private right of action to seek both equitable relief and money damages against any employer . . . should that employer interfere with, restrain, or deny the exercise of FMLA rights." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (internal quotation marks omitted). Thus, a plaintiff can bring claims against an employer either for interfering with the exercise of FMLA rights or for retaliating against an employee who does exercise FMLA rights. *See Potenza v. City of New York*, 365 F.3d 165, 167 (2d Cir. 2004) (per curiam); *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).

Here, Plaintiff checks a box on the complaint form to assert a FMLA claim, but the factual basis of any asserted FMLA claim is unclear. The Court grants Plaintiff leave to file an amended complaint alleging additional facts in support of a FMLA claim.

E.    **Individual Defendants**

In addition to her employer, Plaintiff also sues individual Defendants Lenore and Stein. Individuals are not subject to liability under Title VII, the ADA, or the ADEA. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313

(2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998); *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2019 WL 6916099, at \*7 (S.D.N.Y. Dec. 19, 2019) ("As a matter of law, none of the individual defendants can be held liable under Title VII, the ADA, or the ADEA."); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA.").

However, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under state law, such as the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297. *Tomka*, 66 F.3d at 1317; *see Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004). "An individual may be held liable under the FMLA only if she is an 'employer,' which is defined as encompassing 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.'" *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (quoting 29 U.S.C. § 2611(4)(A)(ii)(I) and citing 29 C.F.R. § 825.104(d)).

The current complaint suggests that Lenore may be a viable party for a claim under the NYSHRL or FLMA, but it does not provide any facts explaining how Stein was involved in the events giving rise to Plaintiff's claims. If Plaintiff chooses to pursue claims against Lenore, Stein, or any other individual defendant for employment discrimination, she must allege facts explaining how each named individual defendant was involved in the conduct giving rise to her discrimination claims in violation of state law or the FLMA.[7]

---

[7] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because it is not clear whether Plaintiff can state any

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid employment discrimination claims under Title VII, Section 1981, the ADA, and the FLMA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her employment discrimination claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)   the names and titles of all relevant people;

---

federal claims, the Court will determine at a later stage whether or not to exercise supplemental jurisdiction of any state law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-7299 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

A copy of the flyer with details of NYLAG Clinic is also attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Case 1:23-cv-07299-LTS   Document 4   Filed 10/10/23   Page 17 of 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

  -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  □ Yes  □ No
*(check one)*

\_\_\_ **Civ. _____ ( \_\_\_ )**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
**NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
**NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____     New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____     New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*                                    1

## I.  Parties in this complaint:

A.  List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff   Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

B.  List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant   Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

C.  The address at which I sought employment or was employed by the defendant(s) is:

Employer _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.  Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____   Failure to hire me.

_____   Termination of my employment.

_____   Failure to promote me.

_____   Failure to accommodate my disability.

_____   Unequal terms and conditions of my employment.

_____   Retaliation.

_____        Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.      It is my best recollection that the alleged discriminatory acts occurred on: _____.

<em>Date(s)</em>

C.      I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D.      Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐       race    _____        ☐       color    _____

☐       gender/sex    _____        ☐       religion_____

☐       national origin    _____

☐       age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐       disability or perceived disability, _____ *(specify)*

E.      The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.      The Equal Employment Opportunity Commission *(check one)*:

_____   has not issued a Notice of Right to Sue letter.

_____   issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> **Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.

## IV.  Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

Signature of Plaintiff   _____

Address   _____

_____

_____

_____

Telephone Number   _____

Fax Number *(if you have one)*   _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

