UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTA AVA JAGNANAN,<br><br>        Plaintiff,<br><br>-against-<br><br>MOEY, INC., *et al.*,<br><br>        Defendants. | **ORDER DENYING REQUEST<br>FOR PRO BONO COUNSEL**<br><br>23-cv-7299 (AT) (JW) |

**The Honorable Jennifer E. Willis, United States Magistrate Judge:**

Plaintiff has filed an Application for the Court to Request Counsel. Dkt. No. 15. For the following reasons, Plaintiff's application is denied.

## **LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious

2

commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated September 1, 2023, Dkt. No. 3.) When Plaintiff filed the instant Application for the Court to Request Counsel, Plaintiff affirmed that her

3

financial status had not changed. (*See* Application for the Court to Request Counsel, Dkt No. 15.) Plaintiff therefore qualifies as indigent.

In the Complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), the New York State Human Rights Law, N.Y. Executive Law §§ 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101, *et seq.* ("NYCHRL"), alleging unlawful employment discrimination. The Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. The Court has reviewed the Complaint at Dkt. No. 1 and the Court is unable to conclude, at this juncture in the litigation and after considering the above referenced *Hodge* factors in the context of the Plaintiff's Complaint, that the appointment of pro bono counsel is warranted. The legal issues at play are not especially complex and the Court has no information about Plaintiff's ability to investigate crucial facts. Additionally, in this context, as Defendants have not yet appeared in this action, the Court is unable to determine whether there would be "conflicting evidence implicating the need for cross-examination." *Hodge*, 802 F.2d at 60-61. In this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

4
## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case. **The Clerk of the Court is respectfully directed to close the motion at Dkt. No. 15.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:
   New York, New York
   March 4, 2024

_____
Jennifer E. Willis
**United States Magistrate Judge**